IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JEREMY MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>POKITDOK, INC., LISA MAKI, and THEODORE TANNER,<br><br>Defendants. | Civil Action No.: 2:12-cv-2155-DCN |

**ANSWER OF DEFENDANTS POKITDOK, INC., LISA MAKI, & THEODORE TANNER TO PLAINTIFF'S COMPLAINT**

Defendants PokitDok, Inc. ("PokitDok"[1]), Lisa Maki, and Theodore Tanner, by and through their undersigned attorneys, hereby answer Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The allegations set forth in this Complaint are the subject of a prior lawsuit filed by the Defendants in the United States District Court for the Northern District of California on July 26, 2012 (Case No. CV 12 3947 SI (LB)). Accordingly, venue is proper in the Northern District of California and this litigation should be transferred to that Court or dismissed in favor of the pending case in the Northern District of California.

**SECOND DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief can be granted against the Defendants.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over these claims against the Defendants.

[1] PokitDok did not exist during much of the subject of this Complaint, and Defendant PokitDok answers on the basis of when it did exist.

**FOURTH DEFENSE**

Except as specifically admitted herein, each and every allegation in Plaintiff's Complaint is expressly denied.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

**SEVENTH DEFENSE**

Plaintiff's copyright claims for relief are barred on the grounds that Plaintiff has not received registrations for the alleged copyrights as required by 17 U.S.C. § 411.

**EIGHTH DEFENSE**

Plaintiff's copyright claims for relief are barred because the subject matter in dispute is not copyrightable pursuant to 17 U.S.C. § 102(b).

**NINTH DEFENSE**

Plaintiff's copyright claims for relief are barred because of Plaintiff's copyright misuse.

**TENTH DEFENSE**

Plaintiff's copyright claims are barred on the grounds that Plaintiff lacks copyright ownership in the subject matter claimed to be copyrighted.

**ELEVENTH DEFENSE**

Plaintiff's copyright claims are barred by the fair use doctrine pursuant to 17 U.S.C. § 107.

**TWELFTH DEFENSE**

Plaintiff's copyright claims are barred by the de minimis copying doctrine.

**THIRTEENTH DEFENSE**

Plaintiff's copyright claims are barred by 17 U.S.C. § 117(a), which permits the creation of a new copy or adaptation that is created as an essential step in the utilization of the computer program in conjunction with a machine.

**FOURTEENTH DEFENSE**

Plaintiff's non-copyright claims are preempted by 17 U.S.C. § 301.

**FIFTEENTH DEFENSE**

Plaintiff's claims for injunctive or other equitable relief are barred because Plaintiff has an adequate remedy at law.

**SIXTEENTH DEFENSE**

Plaintiff's claims for attorneys' fees and statutory damages are barred by 17 U.S.C. § 412.

**SEVENTEENTH DEFENSE**

In response to the individually numbered Paragraphs contained in Plaintiff's Complaint, the Defendants respond as follows:

1. Responding to the allegations contained in Paragraph 1 of Plaintiff Complaint, those allegations set forth a legal conclusion to which no response is required.
2. Responding to the allegations contained in Paragraph 2 of Plaintiff Complaint, those allegations set forth a legal conclusion to which no response is required. Defendants further respond by reference to their First Defense.
3. Defendants admit that copyright applications are attached to Plaintiff's Complaint. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 3, and therefore deny those allegations.

4. Responding to the allegations contained in Paragraph 4 of Plaintiff Complaint, those allegations set forth a legal conclusion to which no response is required, and further, Defendants deny this Court has supplemental jurisdiction.

5. Defendants deny the allegations of Paragraph 5 of Plaintiff's Complaint. Defendants filed an action against Mr. Martin in the United States District Court for the Northern District of California, San Francisco Division on July 2, 2012. Defendants allege venue is proper in the Northern District of California.

6. Defendants deny Plaintiff is entitled to a jury trial in South Carolina.

7. Defendants admit, on information and belief, that Mr. Martin is a United States citizen residing in Charleston, South Carolina. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 7, and therefore deny those allegations.

8. Defendants admit the allegations of Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendants admit that both Lisa Maki and Theodore Tanner lived in South Carolina during the initial concept development of what became to be known as PokitDok. Ted Tanner presently lives in South Carolina and Ms Maki in California.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Lisa Maki is a resident of Menlo Park, California, is a former resident of South Carolina and owns property in South Carolina. The remaining allegations of Paragraph 11 are denied.

12. Defendants admit the allegations of Paragraph 12 of the Complaint.

13. Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

14. Defendants are without sufficient information to admit or deny the allegations of the first sentence of Paragraph 14 of Plaintiff's Complaint and therefore deny the same, demanding strict proof thereof. As to the second sentence of Paragraph 14, Defendants deny that Mr. Martin's skill set in software engineering is unique in the field or extraordinary.

15. Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiff's Complaint and therefore deny the same, demanding strict proof thereof.

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Defendants admit the allegations of Paragraph 19 of the Complaint.

20. Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 of Plaintiff's Complaint and therefore deny the same, demanding strict proof thereof.

21. Defendants admit that Ms. Maki and Mr. Tanner sought the aid of volunteers, not "founding members," for a potential company without a guarantee of any compensation. PokitDok did not exist.

22. Defendants admit that Ms. Maki and Mr. Tanner do not write code. However, both Ms. Maki and Mr. Tanner have experience with Drupal. Mr. Tanner has the

"expertise" to write the code, and has been working in the technical computer industry since the early 1990s. Without the ideas Ms. Maki and Mr. Tanner developed and documented, Mr. Martin would not have known what to code.

23. Defendants admit the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint. There were several volunteers recruited to help design and build the PokitDok website. Mr. Martin is one of these volunteers who agreed to assist on certain early projects for PokitDok.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint. Mr. Martin was not a "founding member" of PokitDok and was never promised, orally or in writing, any equity in the company.

26. In response to Paragraph 26 of Plaintiff's Complaint, Defendants deny that Mr. Martin was a "founding member" of PokitDok and that he was ever promised any equity in the company. In further response to Paragraph 26, Defendants respond that the email speaks for itself.

27. In response to Paragraph 27 of Plaintiff's Complaint, Defendants deny that Mr. Martin was a "founding member" of PokitDok and that he was ever promised any equity in the company. In further response to Paragraph 27, Defendants respond that the email speaks for itself.

28. In response to Paragraph 28 of Plaintiff's Complaint, Defendants deny that Mr. Martin was a "founding member" of PokitDok and that he was ever promised any equity in the company. In further response to Paragraph 28, Defendants respond that the messages are taken out of context and speak for themselves.

29. In response to the allegations of Paragraph 29 of Plaintiff's Complaint, Defendants admit Mr. Martin began his volunteer work for PokitDok on or about June 14, 2007. Defendants deny that Mr. Martin was a "founding member" of PokitDok and that he was ever promised any equity in the company.

30. Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint. As PokitDok continued to develop its potential business, Mr. Martin chose not to devote the necessary time and effort to become an employee of the company and instead chose more stable employment opportunities.

31. Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint. As PokitDok continued to develop its potential business, Mr. Martin chose not to devote the necessary time and effort to become an employee of the company and instead chose more stable employment opportunities. In further response to Paragraph 31, Defendants respond that the email speaks for itself.

32. Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint. As PokitDok continued to develop its potential business, Mr. Martin chose not to devote the necessary time and effort to become an employee of the company and instead chose more stable employment opportunities. In further response to Paragraph 32, Defendants respond that the email speaks for itself.

33. Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34. In response to Paragraph 34, Defendants admit that Mr. Martin volunteered to assist on certain early projects for PokitDok including writing code.

35. Responding to the allegations contained in Paragraph 35 of Plaintiff Complaint, those allegations set forth a legal conclusion to which no response is required. However,

PokitDok does not use any of Mr. Martin's allegedly copyrighted software code or any derivation of this code.

36. As to the allegations of Paragraph 36, the Defendants admit that they were not assigned any copyrights by Mr. Martin.

37. Defendants are without sufficient information to admit or deny the allegations of Paragraph 37 of Plaintiff’s Complaint and therefore deny the same, demanding strict proof thereof.

38. Defendants are without sufficient information to admit or deny the allegations of Paragraph 38 of Plaintiff’s Complaint and therefore deny the same, demanding strict proof thereof.

39. Defendants deny the allegations of Paragraph 39 of Plaintiff’s Complaint.

40. In response to Paragraph 40, Defendants admit that Mr. Martin, as well as the other PokitDok volunteers, were praised in order to encourage them and make the effort a productive experience.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff’s Complaint.

42. In response to Paragraph 42 of Plaintiff’s Complaint, Defendants state that Drupal was suggested to Mr. Martin as the best choice because it is fast and simple for prototyping. Adding SEO optimization for a prototype was unnecessary for a prototype and was never requested.

43. Defendants deny the allegations of Paragraph 43 of Plaintiff’s Complaint. Thomas Cramer had used Drupal extensively and Ms. Maki had also used it to create a website.

44. Defendants deny the allegations of Paragraph 44 of Plaintiff's Complaint. Doug Thomas, another volunteer working on the prototype, had experience writing JavaScript, HTML and CSS. In 1996, Mr. Thomas worked for the Sun MicroSystems spinoff, JavaSoft, and has extensive experience in that coding language. When Mr. Martin left the PokitDok team, Mr. Thomas went on to write much of this code for subsequent versions of the prototype. None of the work referred to by Mr. Martin was novel or used in the product.

45. Defendants deny the allegations of Paragraph 45 of Plaintiff's Complaint. The static mockups were based on Lisa Maki's drawings. The mockups did not have any impact on initial investment.

46. Defendants deny the allegations of Paragraph 46 of Plaintiff's Complaint. Jonathan Sposato never saw the web prototype or the mockups. His investment decision was based solely on the following: his relationship with Lisa Maki; Ms. Maki and Mr. Tanner's track record building great product; and George Zachary's verbal commitment in May to invest $100,000.00 from Charles River Ventures seed fund, which occurred before Mr. Martin's decision to volunteer his time on the prototype.

47. In response to Paragraph 47, Defendants state that Jonathan Sposato is well known in Seattle, where he resides, not Silicon Valley. His investment was critical to the company and was in no way based on anything created by Jeremy Martin.

48. In response to Paragraph 47, Defendants state that follow on investment in PokitDok was not based on the prototype, but on Ms. Maki's description of the idea, the mobile prototype created by Mr. Corbin and Mr. Cramer, Ms. Maki and Mr. Tanner's track

record creating great product, and George Zachary and Jonathan Sposato's participation.

49. Defendants admit the allegations of Paragraph 49 of Plaintiff’s Complaint.

50. In response to Paragraph 50 of Plaintiff’s Complaint, Defendants state that Mr. Martin is a software engineer who volunteered to assist on certain early projects for PokitDok. Mr. Martin is not a founder of the company and accordingly, was not included in the incorporation process.

51. Defendants deny the allegations of Paragraph 51 of Plaintiff’s Complaint and demand strict proof thereof.

52. Defendants deny the allegations of Paragraph 52 of Plaintiff’s Complaint. Mr. Witenberg is a world class designer; he is not a software engineer and does not write code.

53. In response to the allegations of Paragraph 53, Defendants state that Mr. Witenberg is a world class designer, he is not a software engineer and does not write code. He has designed some of the best known web and mobile interfaces in the industry including Lego Universe and Angry Bird products for Rovio. He was not the lead designer for Angry Birds.

54. Defendants deny the allegations of Paragraph 54 of Plaintiff’s Complaint. There is no comparison between Plaintiff's work and Mr. Witenberg's work. Mr. Witenberg created visual designs, called wire frames, that Mr. Cramer, Mr. Corbin and Mr. Thomas wrote code to create.

55. In response to the allegations of Paragraph 55 of Plaintiff’s Complaint, Defendants deny that Mr. Martin was “abruptly excommunicated” from the PokitDok team. Mr.

Martin failed to complete projects in a timely fashion, was non-communicative about his progress or long-term interest in PokitDok, and failed to attend important company conferences. When asked to perform at a higher level for PokitDok, Mr. Martin responded "no thanks." Therefore, Mr. Martin's volunteer efforts ceased in September 2011.

56. Defendants admit Mr. Martin's passwords to access the PokitDok code repository were deactivated when he ceased his volunteer efforts as all non-active accounts are terminated.

57. Defendants deny the allegations of Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations of Paragraph 58 of Plaintiff's Complaint.

59. As to Paragraph 59, Defendants admit that PokitDok filed a form D Notice of Exempt Offering of Securities on November 3, 2011. Defendants further respond that the filing speaks for itself. The remaining allegations of Paragraph 59 are denied.

60. As to Paragraph 60, Defendants admit that PokitDok filed an amended form D Notice of Exempt Offering of Securities on June 27, 2012. Defendants further respond that the filing speaks for itself.

61. As to Paragraph 61, the Defendants admit Mr. Martin has not received an equity interest in PokitDok. The remaining allegations of Paragraph 61 are denied.

62. In response to Paragraph 62, the Defendants admit significant venture capital funding has been raised. The remaining allegations of Paragraph 62 are denied.

63. Defendants deny the allegations of Paragraph 63 of Plaintiff's Complaint as the future existence of investors in PokitDok is unknown.

64. Defendants admit the allegations of Paragraph 64 of Plaintiff's Complaint.

65. As to the allegations of Paragraph 65 of Plaintiff's Complaint, Defendants admit they hope to receive further funding for PokitDok and the company's existence depends on it.

66. As to the allegations of Paragraph 66 of Plaintiff's Complaint, Defendants admit that Mr. Martin's attorney sent a letter on June 27, 2012. Defendants deny that Mr. Martin was promised or duly earned any equity interest in PokitDok.

67. Defendants deny the allegations of Paragraph 67 of Plaintiff's Complaint and demand strict proof thereof. In further response to Paragraph 67, the Defendants state that PokitDok does not use any of Mr. Martin's allegedly copyrighted software code or any derivation of this code.

68. In response to Paragraph 68, the Defendants admit that the entire infrastructure of the PokitDok website is not accessible to the public. The remaining allegations of Paragraph 68 are denied and strict proof therefore demanded.

69. As to the allegations of Paragraph 69, the Defendants admit counsel for the Defendants prepared and sent a letter dated July 10, 2012. In further response to Paragraph 69, Defendants respond that the letter speaks for itself.

70. Defendants deny the allegations of Paragraph 70 of Plaintiff's Complaint and demand strict proof thereof.

71. Defendants deny the allegations of Paragraph 71 of Plaintiff's Complaint and demand strict proof thereof.

72. Defendants deny the allegations of Paragraph 72 of Plaintiff's Complaint and demand strict proof thereof.

**Copyright Infringement and Preliminary and Permanent Injunction**

73. As to Paragraph 73, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

74. Defendants deny the allegations of Paragraph 74 of Plaintiff's Complaint and demand strict proof thereof.

75. Defendants are without sufficient information to admit or deny the allegations of Paragraph 75 of Plaintiff's Complaint and therefore deny the same, demanding strict proof thereof.

76. Defendants deny the allegations of Paragraph 76 of Plaintiff's Complaint and demand strict proof thereof.

77. Defendants deny the allegations of Paragraph 77 of Plaintiff's Complaint and demand strict proof thereof.

78. Defendants deny the allegations of Paragraph 78 of Plaintiff's Complaint and demand strict proof thereof.

79. Defendants deny the allegations of Paragraph 79 of Plaintiff's Complaint and demand strict proof thereof.

80. Defendants deny the allegations of Paragraph 80 of Plaintiff's Complaint and demand strict proof thereof.

81. Defendants deny the allegations of Paragraph 81 of Plaintiff's Complaint and demand strict proof thereof.

82. Defendants deny the allegations of Paragraph 82 of Plaintiff's Complaint and demand strict proof thereof.

**Conversion and Preliminary and Permanent Injunction**

83. As to Paragraph 83, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

84. Defendants deny the allegations of Paragraph 84 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin was not promised equity in PokitDok.

85. In response to Paragraph 85 of Plaintiff's Complaint, the Defendants respond that PokitDok does not use any of Mr. Martin's allegedly copyrighted software code or any derivation of this code.

86. In response to Paragraph 86 of Plaintiff's Complaint, the Defendants admit that Mr. Martin granted no express license to the Defendants. The Defendants deny the remaining allegations of Paragraph 86 and further respond that PokitDok does not use any of Mr. Martin's allegedly copyrighted software code or any derivation of this code.

87. Defendants deny the allegations of Paragraph 87 of Plaintiff's Complaint and demand strict proof thereof.

88. Defendants deny the allegations of Paragraph 88 of Plaintiff's Complaint and demand strict proof thereof.

89. Defendants deny the allegations of Paragraph 89 of Plaintiff's Complaint and demand strict proof thereof.

90. Defendants deny the allegations of Paragraph 90 of Plaintiff's Complaint and demand strict proof thereof.

91. Defendants deny the allegations of Paragraph 91 of Plaintiff's Complaint and demand strict proof thereof.

92. Defendants deny the allegations of Paragraph 92 of Plaintiff's Complaint and demand strict proof thereof.

**Misappropriation and Preliminary and Permanent Injunction**

93. As to Paragraph 93, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

94. Defendants deny the allegations of Paragraph 94 of Plaintiff's Complaint and demand strict proof thereof.

95. In response to Paragraph 95 of Plaintiff's Complaint, the Defendants respond that PokitDok does not use any of Mr. Martin's allegedly copyrighted software code or any derivation of this code. Defendants deny the remaining allegations of Paragraph 95.

96. In response to Paragraph 96 of Plaintiff's Complaint, the Defendants admit that Mr. Martin granted no express license to the Defendants. The Defendants deny the remaining allegations of Paragraph 96 and further respond that PokitDok does not use any of Mr. Martin's allegedly copyrighted software code or any derivation of this code.

97. Defendants deny the allegations of Paragraph 97 of Plaintiff's Complaint and demand strict proof thereof.

98. Defendants deny the allegations of Paragraph 98 of Plaintiff's Complaint and demand strict proof thereof.

99. Defendants deny the allegations of Paragraph 99 of Plaintiff's Complaint and demand strict proof thereof.

100. Defendants deny the allegations of Paragraph 100 of Plaintiff's Complaint and demand strict proof thereof.

101. Defendants deny the allegations of Paragraph 101 of Plaintiff's Complaint and demand strict proof thereof.

102. Defendants deny the allegations of Paragraph 102 of Plaintiff's Complaint and demand strict proof thereof.

**Breach of Contract**

103. As to Paragraph 103, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

104. Defendants deny the allegations of Paragraph 104 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

105. Defendants deny the allegations of Paragraph 105 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

106. Defendants deny the allegations of Paragraph 106 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

107. Defendants deny the allegations of Paragraph 107 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

**Breach of Contract Accompanied by a Fraudulent Act**

108. As to Paragraph 108, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

109. Defendants deny the allegations of Paragraph 109 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

110. Defendants deny the allegations of Paragraph 110 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

111. Defendants deny the allegations of Paragraph 111 of Plaintiff's Complaint and demand strict proof thereof. Defendants further respond that Mr. Martin never had any written or oral agreement with Defendants, was not a founder of PokitDok, and is not entitled to any equity in the company.

112. Defendants deny the allegations of Paragraph 112 of Plaintiff's Complaint and demand strict proof thereof.

113. Defendants deny the allegations of Paragraph 113 of Plaintiff's Complaint and demand strict proof thereof.

**Quantum Meruit**

114. As to Paragraph 114, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

115. Defendants deny the allegations of Paragraph 115 of Plaintiff's Complaint and demand strict proof thereof.

116. In response to the allegations of Paragraph 116 of Plaintiff's Complaint, the Defendants state that Mr. Martin volunteered to assist on certain early projects for PokitDok. As is typical with startups, the volunteers who contributed to PokitDok in its earliest days did so without any guarantee or promise of compensation, formal employment, or even that PokitDok would ever become a company. Defendants deny the remaining allegations of Paragraph 116.

117. Defendants deny the allegations of Paragraph 117 of Plaintiff's Complaint and demand strict proof thereof.

118. Defendants deny the allegations of Paragraph 118 of Plaintiff's Complaint and demand strict proof thereof.

**Unjust Enrichment**

119. As to Paragraph 119, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

120. Defendants deny the allegations of Paragraph 120 of Plaintiff's Complaint and demand strict proof thereof.

121. In response to the allegations of Paragraph 121 of Plaintiff's Complaint, the Defendants state that Mr. Martin volunteered to assist on certain early projects for PokitDok. As is typical with startups, the volunteers who contributed to PokitDok in

its earliest days did so without any guarantee or promise of compensation, formal employment, or even that PokitDok would ever become a company. Defendants deny the remaining allegations of Paragraph 121.

122. Defendants deny the allegations of Paragraph 122 of Plaintiff's Complaint and demand strict proof thereof.

123. Defendants deny the allegations of Paragraph 123 of Plaintiff's Complaint and demand strict proof thereof.

**Promissory Estoppel**

124. As to Paragraph 124, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

125. Defendants deny the allegations of Paragraph 125 of Plaintiff's Complaint and demand strict proof thereof.

126. Defendants deny the allegations of Paragraph 126 of Plaintiff's Complaint and demand strict proof thereof.

127. In response to the allegations of Paragraph 127 of Plaintiff's Complaint, the Defendants state that Mr. Martin volunteered to assist on certain early projects for PokitDok. As is typical with startups, the volunteers who contributed to PokitDok in its earliest days did so without any guarantee or promise of compensation, formal employment, or even that PokitDok would ever become a company. Defendants deny the remaining allegations of Paragraph 127.

128. Defendants deny the allegations of Paragraph 128 of Plaintiff's Complaint and demand strict proof thereof.

129. Defendants deny the allegations of Paragraph 129 of Plaintiff's Complaint and demand strict proof thereof.

130. Defendants deny the allegations of Paragraph 130 of Plaintiff's Complaint and demand strict proof thereof.

**Partnership by Estoppel**

131. As to Paragraph 131, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

132. Defendants deny the allegations of Paragraph 132 of Plaintiff's Complaint and demand strict proof thereof.

133. Responding to the allegations contained in Paragraph 133 of Plaintiff's Complaint, those allegations set forth a legal conclusion to which no response is required.

134. Defendants deny the allegations of Paragraph 134 of Plaintiff's Complaint and demand strict proof thereof.

135. Defendants deny the allegations of Paragraph 135 of Plaintiff's Complaint and demand strict proof thereof.

**Breach of Fiduciary Duty**

136. As to Paragraph 136, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

137. Responding to the allegations contained in Paragraph 137 of Plaintiff's Complaint, Defendants state that Mr. Martin was not a co-founder of PokitDok, and accordingly, Ms. Maki and Mr. Tanner do not owe him a "fiduciary duty of loyalty and fair dealing."

138. Defendants deny the allegations of Paragraph 138 of Plaintiff's Complaint and demand strict proof thereof.

139. Defendants deny the allegations of Paragraph 139 of Plaintiff's Complaint and demand strict proof thereof.

**Constructive Trust**

140. As to Paragraph 140, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

141. Defendants deny the allegations of Paragraph 141 of Plaintiff's Complaint and demand strict proof thereof.

142. Defendants deny the allegations of Paragraph 142 of Plaintiff's Complaint and demand strict proof thereof.

143. Defendants deny the allegations of Paragraph 143 of Plaintiff's Complaint and demand strict proof thereof.

144. Defendants deny the allegations of Paragraph 144 of Plaintiff's Complaint and demand strict proof thereof.

**Accounting**

145. As to Paragraph 145, the Defendants repeat and reallege their responses to the foregoing paragraphs as if fully set forth herein.

146. Defendants deny the allegations of Paragraph 146 of Plaintiff's Complaint and demand strict proof thereof.

147. Defendants deny the allegations of Paragraph 147 of Plaintiff's Complaint and demand strict proof thereof.

148. Defendants deny the allegations of Paragraph 148 of Plaintiff's Complaint and demand strict proof thereof.

149. In response to Paragraph 149 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any money or equity and further deny that Plaintiff is entitled to an accounting.

**Reservation of Rights to Amend to Bring Additional Causes of Action**

150. Paragraph 150 of Plaintiff's Complaint is a reservation paragraph and requires no response.

WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, pray this Court enter judgment dismissing the Complaint, awarding Defendants costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted by:

**ANDREW K. EPTING, JR., LLC**

*s/Andrew Epting*
Andrew K. Epting, Jr., Fed Crt ID #729
Michelle N. Endemann, Fed Crt ID # 11010
46a State Street, Charleston, SC 29401
P: 843-377-1871
F: 843-377-1310
ake@epting-law.com
mne@epting-law.com

COUNSEL FOR DEFENDANTS

On this 1st day of October 2012
Charleston, SC